RECEIVED
IN LAKE CHARLES, LA

DEC 2 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BARBARA REPPOND | : | CIVIL ACTION 07-1057 |
|---|---|---|
| VERSUS | : | JUDGE MINALDI |
| STRATEGIC RESTAURANTS ACQUISITION CORP., d/b/a/ BURGER KING #11544 AND JOHN DOE | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is plaintiff's motion to remand. The Magistrate Judge issued a Report and Recommendation recommending denial of the remand. The plaintiff filed objections.

The case was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The motion to remand alleges that the requisite threshold amount for diversity jurisdiction is not present. The plaintiff and her attorney have stipulated that her damages do not exceed $ 75,000.[1] The record, together with the subsequently filed stipulation, establishes to a legal certainty that at the time of removal the amount in controversy did not exceed $ 75,000. *DeAguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.), *cert. denied*, 116 S.Ct. 180 (1995).[2]

Without requisite subject matter jurisdiction, remand to state court is not merely discretionary, it is mandatory. 28 U.S.C. § 1447(c).

---

[1] This stipulation is binding upon the plaintiff upon remand to state court.

[2] The Fifth Circuit permits consideration of affidavits submitted after removal under limited circumstances. *Dow Quimica v. Asociation Nacionale de Pescadores*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Those circumstances are present here.

Plaintiffs' motion to remand will GRANTED.

Lake Charles, Louisiana, this 27 day of November, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT